UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CR-26-TS |
| ) | |
| TEI R. FERGUSON ) | |

**OPINION and ORDER**

Before the Court is the Defendant's Petition for Reduction of Sentence Due to Amended Sentencing Guidelines [DE 62], filed on March 17, 2008. The Defendant, Tei Ferguson, makes the request for a reduction in her term of imprisonment on the basis of 18 U.S.C. § 3582(c) and the amendments to United States Sentencing Guidelines (U.S.S.G.) §§ 1B1.10 and 2D1.1 for crack cocaine, which were made retroactive as of March 3, 2008.

This petition presents two issues: (1) what is the correct calculation of the Defendant's amended guideline range in light of the amounts of other drugs and their effect on her base offense level; and (2) what is the effect of the downward departure[1] motion in this case, particularly as it relates to the statutory minimum?

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2004, the Defendant was indicted on four criminal counts alleging

---

[1] The Court is aware that "the concept of 'departures' has been rendered obsolete in the post-*Booker* world," *United States v. Arnaout*, 431 F.3d 994, 1003 (7th Cir. 2005), and that when district courts impose sentences outside the advisory guideline range, that variance must be explained and supported with compelling justifications. *United States v. Wachowial*, 496 F.3d 747, 749–50 (7th Cir. 2007). The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), was issued January 12, 2005, less than a month before the sentencing hearing in this case. The use of the word "departure" in this opinion reflects the prevalence of the term at the time sentence was imposed and in no way signifies the incorrect view that a court can only impose a sentence below the advisory guideline range after the government files a Sentencing Guidelines § 5K1.1 motion. The Court also notes that motions made under § 5K1.1 continue to be described as motions for a downward departure. *See, e.g.*, *United States v. Artley*, 489 F.3d 813, 825 (7th Cir. 2007), *United States v. Flagg*, 481 F.3d 946, 948 (7th Cir. 2006).

violations of drug laws. On September 3, 2004, the Defendant and the government reached a plea agreement, and on September 10, 2004, the Defendant entered a plea of guilty to Count One of the indictment, 21 U.S.C. § 841(a)(1), distribution of cocaine base or crack. The Court held a sentencing hearing on February 7, 2005. The government dismissed Counts Two, Three, and Four at that time pursuant to the plea agreement.

A.      **The Original Sentence**

The Defendant's original offense level was determined as follows: a base offense level of 32 and 3-point reduction for acceptance of responsibility, resulting in a total offense level of 29.[2] The base offense level was based on the following drug amounts: 46.43 grams of cocaine, 141.34 grams of cocaine base or crack, and 15.5 grams of marijuana. That yields a marijuana equivalency of 2,836 kilograms. The Drug Quantity Table under U.S.S.G. § 2D1.1(c)(4) sets a base offense level of 32 for that amount of drugs.

The total offense level of 29, combined with a criminal history category of I, yielded a guidelines range of 87 to 108 months. During the sentencing hearing, the government orally moved[3] for a downward departure for the equivalent of three offense levels. (Whether this motion was made and granted as a § 5K1.1 motion or pursuant to 18 U.S.C. § 3553(e) will be addressed below.) The Court granted the motion and imposed a sentence of 70 months, which is

---

[2] The original PSR added a two-point dangerous weapon enhancement under § 2D.1, which would have put the total offense level at 31, but the Court sustained the Defendant's objection to that enhancement.

[3] The government filed the downward departure motion [DE 32] in writing on February 9, 2005. The motion, which was agreed to and signed by the Defendant, recommended a one level departure for the Defendant's "truthfulness and nature and extent of . . . assistance" and a two level departure for the "significance and usefulness of the defendant's assistance." (DE 32 at 1.)

a 20% reduction from the minimum guideline range sentence of 87 months. By way of reference, the 70-month sentence also is 90% of the maximum of the guideline range 63 to 78 months for an offense level of 26 (taking into account the § 5K1.1 motion) and a criminal history category of I.

**B.     Request for an Amended Sentence and Government Response**

The Defendant's petition for a reduced sentence asked for a sentence of 57 months. The Defendant states that her offense level under the amended guidelines is 24. (Def. Pet. ¶ 3, DE 62.) In a footnote, the Defendant states that if the offense level was recalculated using the marijuana equivalency method, her offense level would be 30 and lead to no reduction in her sentence. The Defendant then said that the calculation of offense level 24 did not use the marijuana equivalency factor. The Defendant did not provide any more detail about how offense level 24 was calculated.

An offense level of 24 with a criminal history category of I yields a sentencing guideline range of 51 to 63 months. "Ninety percent (90%) of the maximum guideline range is 57 months." (Def. Pet. ¶ 3.) The Defendant then states: "Therefore, 21 U.S.C. § 841(b)(1)(B) requires the court to impose a sentence of 60 months. However, since the government filed a 5K.1 motion, the court may impose a sentence of 56 months." (*Id.*) It is not clear why the Defendant mentioned 56 months; in any event, the Defendant's ultimate request in the petition is for a sentence of 57 months. The Defendant did not provide any analysis or legal authority for why the government's downward departure motion can bring the Defendant's sentence below the statutory minimum in this case.

3

The government in its Response [DE 63] states that it concurs with the Defendant's computation of the advisory guideline range but disagrees about the effect of the downward departure motion. The government said that the base offense level using the amended crack cocaine guidelines is 30. Then, the Defendant's "offense level would be reduced by 3 levels for acceptance of responsibility, and reduced by 3 levels for an agreed departure, resulting in an adjusted offense level of 24." (Govt. Resp. 1–2.) The government agreed that ninety percent of the guideline range for an offense level of 24 and a criminal history category of I would be a sentence of 57 months. But the government argued that the amended sentence cannot go below the statutory minimum.

> [W]hile there was an agreed motion for departure, it was for a sentence above the statutory mandatory minimum and as such, no motion was filed under 18 U.S.C. § 3553 that would give her relief from the mandatory minimum. Therefore, the government contends that she should receive 60 months imprisonment and not the 57 months imprisonment she requests.

(Govt. Resp. 2.)

### DISCUSSION

A district court should first correctly calculate the advisory sentencing guidelines and then consider any variances from those guidelines. *United States v. Miranda*, 505 F.3d 785, 791 (7th Cir. 2007).

**A.    Computation of the Defendant's Offense Level and Corresponding Guideline Range**

The Defendant, the government, and the probation office all calculated the Defendant's base offense level under a drug calculation method that the Sentencing Commission

4

subsequently modified. The first addendum to the PSR for the crack amendment was prepared on April 15, 2008, the day before the Sentencing Commission promulgated its new amendment. The addendum calculated that the Defendant's base offense level was 32, the same base offense level in the original sentence. The level was the same due to the inclusion of the other drug amounts. Accounting for the same three-level reduction for acceptance of responsibility, the new amended total offense level was 29, the same as in the original sentencing. This means that the amended guideline range is the same as the original guideline range, 87 to 108 months, and the Defendant's sentence would not be reduced.

This result is what the U.S. Sentencing Commission called "a certain sentencing anomaly in which some offenders have not received the reduction intended by Amendment 706 because of the conversion of cocaine base to its marihuana equivalent." Amendments to Sentencing Guidelines Commentary and to Policy Statement, 73 Fed. Reg. 23521 (April 30, 2008). In other words, the amount of crack cocaine or the amount of other drugs can be so great that, even under the amended crack guidelines, the base offense level will not change.

To address this issue, the Sentencing Commission on April 16, 2008, promulgated an amendment[4] to the commentary to § 2D1.1 and to the policy statement of § 1B1.10. This amendment changes the Drug Equivalency Tables. "In order to effectuate the two-level reduction intended by Amendment 706, this amendment further provides that the resulting combined offense level is reduced by two levels." *Id.* at 23522. There are three exceptions, which do not apply in this case. These amendments took effect on May 1, 2008. (*Id.* at 23521.)

---

[4] In addition to the federal register, the amendment and accompanying information from the Sentencing Commission can be found at: 2008 WL 1882547, http://edocket.access.gpo.gov/2008/pdf/E8-9372.pdf, and http://www.ussc.gov/2008guid/200805_Reader_Friendly_Amendments.pdf.

On May 6, 2008, the probation office issued an updated report that recalculated the Defendant's offense level under the new amendment. The Defendant now gets the benefit of the two level reduction, resulting in a base offense level of 30. With the three point reduction for acceptance of responsibility, the amended total offense level is 27. The guideline range for that level and a criminal history category of I is 70 to 87 months. The Court finds those calculations to be correct. A sentence that is a 20% reduction (for the downward departure motion) from the minimum of that range, 70 months, is 56 months. However, the statutory minimum sentence in this case is 60 months.

**B**.     **Effect of Motion for Downward Departure**

In light of the correctly calculated guideline range, the Court must now determine the effect of the motion for a downward departure. Specifically, the Court must determine if a sentence of 56 months, pursuant to the same downward departure as in the original sentencing, is allowed given that the statutory minimum is 60 months.

Motions under both U.S.S.G. § 5K1.1 and  U.S.C. § 3553(e) are based on the government's view of a defendant's substantial assistance. But there is a difference: the guideline provision is for a sentence below the advisory guideline range, while the statutory provision authorizes a court to impose a sentence below the statutory minimum. Section 5K1.1 states that "the court may depart from the guidelines" upon motion by the government. U.S.S.G. § 5K1.1. However, the statutory counterpart states that "the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence" upon motion by the government. 18 U.S.C. § 3553(e). The heading further makes clear what this provision

pertains to: "Limited authority to impose a sentence below a statutory minimum." *Id.* The commentary to § 5K1.1 also makes clear that a downward departure must invoke 18 U.S.C. § 3553(e) for a court to impose a sentence below the statutory minimum. "Under circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance . . . may justify a sentence below a statutorily required minimum sentence." § 5K1.1. cmt. n.1.

The Supreme Court addressed this difference in detail in *Melendez v. United States*, 518 U.S. 120 (1996).

> [W]e agree with the Government that nothing in § 3553(e) suggests that a district court has power to impose a sentence below the statutory minimum to reflect a defendant's cooperation when the Government has not authorized such a sentence, but has instead moved for a departure only from the applicable Guidelines range.
> . . . .
> Moreover, we do not read § 5K1.1 as attempting to exercise this nonexistent authority [to authorize a court to impose a sentence below the statutory minimum].

*Id.* at 126–27. *See also United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006) ("A defendant may only be given a sentence below the statutory minimum where one of two exceptions applies—either the accused substantially assisted the prosecution, *see* 18 U.S.C. § 3553(e), or qualified for the 'safety valve' exception in § 3553(f)."); *United States v. Crickon*, 240 F.3d 652, 655 (7th Cir. 2001) ("[A] departure below the statutory minimum is only permitted under the 'substantial assistance' and 'safety valve' exceptions."); *United States v. Richardson*, 521 F.3d 149 (2d Cir. 2008) (ruling the same way and noting that at least the fifth, eighth, and ninth circuits agree).

Accordingly, the dispute over whether the Defendant's amended sentence may be below the statutory minimum will be resolved by determining what kind of downward departure motion the government made and the Court granted.

7

That motion, and the resulting sentence, was made pursuant to § 5K1.1. The government asked for the equivalent of a three-point reduction in the Defendant's offense level, which resulted in a sentence below the advisory guideline range but not below the statutory minimum. "[T]he United States . . . and the defendant, individually and by counsel, [] file a Motion seeking a downward departure from the sentencing guideline range." (Govt. Departure Mot. 1, DE 32.) The last sentence of the motion states that "the government is recommending and the defendant is specifically agreeing to a § 5K1.1 downward departure of the equivalent of three (3) offense levels." (*Id.* at 2.) As discussed earlier, the equivalent of three offense levels would be 26, which would yield a guideline range, 63 to 78 months, that is still more than the statutory minimum. There is no mention in the motion of a request for a sentence below the statutory minimum.

Also, the Defendant, in her petition, characterizes the government's motion as "a 5K1.1 motion," and not a motion made pursuant to 18 U.S.C. § 3553(e). The transcript of the hearing also indicates it was a § 5K1.1 motion. The Court referred to the motion as "the agreed motion filed by the United States requesting a three-point downward departure from the applicable guideline range." (Hr'g Tr. 5:24–6:2.) In sum, the downward departure motion in this case was intended to be, and operated as, a § 5K1.1 motion for a downward departure or variance from the advisory guidelines range.

It is true that the motion's title invokes the statutory provision: "AGREED MOTION FOR DOWNWARD DEPARTURE PURSUANT TO § 5K1.1 OF THE SENTENCING GUIDELINES AND 18 U.S.C. § 3553(E)." (Govt. Departure Mot. 1.) But the Court reads that as inexact, unintended, and superfluous language in light of the actual content of the motion and what it sought from the Court. This interpretation is consistent with the Supreme Court's

8

approach, *Melendez*, 518 U.S. at 126 n.5 ("[T]he Government must in some way indicate its desire or consent that the court depart below the statutory minium before the court may do so."), and the Seventh Circuit's approach, *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005) (stating that "[m]any decisions in this circuit hold that substance controls over the caption," albeit in the context of a prisoner's 28 U.S.C. § 2255 motion wrongly captioned as a § 3582(c)(2) motion). In the motion in this case, the government clearly indicated its desire that the court only impose a sentence below the guideline range. The government gave no indication it was seeking a sentence below the statutory minimum.

## CONCLUSION

For the foregoing reasons, the Defendant's sentence is reduced to 60 months. All other aspects of the Defendant's judgment remain unchanged. The clerk is ordered to send a copy of this Order to the Bureau of Prisons.

So ORDERED on June 4, 2008.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT